This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Kevin P. Smith ("Smith"), appeals from a judgment entry of the Lorain County Court of Common Pleas, which sentenced him consecutively for several felonies. We affirm.
 I. Assignment of Error
{¶ 2} "THE SENTENCING COURT COMMITTED REVERSIBLE ERROR BY FAILING TO PROPERLY STATE UPON THE RECORD THE REASONS FOR THE IMPOSITION OF CONSECUTIVE SENTENCES IN VIOLATION OF OHIO REVISED CODE SECTION2929.14(E)."
{¶ 3} In his sole assignment of error, Smith contends that the trial court did not adequately state the reasons for imposing consecutive sentences as required by R.C. 2929.14(E). Specifically, the trial court used a preprinted form and checked off the required findings; therefore, appellant contends that the trial court did not undergo a meaningful analysis as contemplated by the statute. We disagree.
{¶ 4} Pursuant to R.C. 2953.08(G)(2), when an appellate court reviews a trial court sentence, the appellate court may modify the sentence or remand for resentencing if the appellate court finds that the trial court clearly and convincingly acted contrary to law or the record. See State v. Winland (Jan. 26, 2000), 9th Dist. No. 99CA0029, at 3. Evidence is clear and convincing when it provides in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Id.
{¶ 5} R.C. 2929.14(E) states in pertinent part:
{¶ 6} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
{¶ 7} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
{¶ 8} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
{¶ 9} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
{¶ 10} A sentencing court must make findings and give its reasons to support the imposition of consecutive sentences. State v. Riggs (Oct. 11, 2000), 9th Dist. No. 19846, at 2.
{¶ 11} On March 8, 2002, Smith pled guilty to burglary, a felony in the third degree, theft, a felony in the third degree, and forgery, a felony in the fourth degree. Prior to sentencing Smith, the trial court accepted his guilty plea and then referred his case for a presentence investigation.
{¶ 12} At the sentencing hearing, the judge gave reasons to impose consecutive sentences. On the record, the judge noted that the investigation revealed thirteen prior adult convictions, as well as several charges of operating a vehicle without a license and DUI. The judge also noted that the victim was a 79 year-old woman, who received partial restitution of her loss only because Smith retained some funds in a bank account, which were recovered. Further, the judge noted that Smith had to be extradited from Oregon to answer the charges.
{¶ 13} The judgment entry contains the findings that consecutive sentences were necessary to protect the public from future crime or to punish Smith, that consecutive sentences were not disproportionate to the seriousness of Smith's crime and the danger he poses to the public and citing specifically the age of the victim, and that Smith's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by Smith.
{¶ 14} The trial court made appropriate findings at the sentencing hearing and properly journalized its findings. Given the trial court's statements on the record at the sentencing hearing, as well as the findings in the judgment entry, we affirm the sentencing.
 II.
{¶ 15} Smith's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
SLABY, P.J. and WHITMORE, J., CONCUR.